UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT LENARD PERTEE, JR.,**

    **Petitioner,**

v.                                       **CASE NO. 8:14-CV-1589-T-27TGW**
                                              **CRIM. CASE NO. 8:11-CR-168-T-27TGW**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), Respondent's Motion to Dismiss the Section 2255 motion (CV Dkt. 7), and Petitioner's response to the Motion to Dismiss (CV Dkt. 10). Upon consideration, the Motion to Dismiss is **GRANTED**, and the Section 2255 motion is **DISMISSED** as time-barred.

### PROCEDURAL BACKGROUND

On May 16, 2011, Petitioner pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Two) (CR Dkt. 26). On November 16, 2011, Petitioner was sentenced to 192 months' imprisonment on Count One to be followed by 60 months of supervised release, and 192 months' imprisonment on Count Two to be followed by 60 months of supervised release, concurrent with Count One (CR Dkt. 40).

Petitioner did not file a direct appeal. He filed his Section 2255 motion on June 20, 2014 (CV Dkt. 1).

## DISCUSSION

Respondent moves to dismiss the Section 2255 motion as time-barred.[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on November 17, 2011 (CR Dkt. 44). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) fourteen (14) days later on December 1, 2011. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a

---

[1] Petitioner contends that Respondent is precluded from raising the statute of limitations defense because the Department of Justice has issued a nationwide directive instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review (CV Dkt. 10). However, even if the directive precludes prosecutors from arguing that *Descamps* is not retroactive, there is no indication or argument that the directive likewise instructs prosecutors to refrain from arguing that *Descamps* did not identify a newly recognized right, a position Respondent asserts in Petitioner's case (see CV Dkt. 7 at p. 4). The Court therefore concludes that the alleged nationwide directive does not constitute a waiver of the statute of limitations defense in this case.

criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the ... entry of either the judgment or the order being appealed"). Petitioner therefore had one year from that date, December 1, 2012, to file a Section 2255 motion. He did not file the Section 2255 motion until June 20, 2014, approximately 18 months after the limitation period expired.[2] Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

Apparently recognizing the untimeliness of his Section 2255 motion under 2255(f)(1), Petitioner argues entitlement to a delayed start of the one-year limitation under Section 2255(f)(3) based upon the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013) (see CV Dkt. 10). *Descamps*, however, did not create a newly recognized right. *United States v. Eason*, 2014 U.S. Dist. LEXIS 168419, at * 6 (D. Minn. Dec. 3, 2014) (unpublished) ("[T]he decision in *Descamps* did not announce a new right, rather it reaffirmed a previous rule.") (citing *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) ("[T]he *Descamps* decision did not recognize a new right."); *Deleston v. Wilson*, 2014 U.S. Dist. LEXIS 94442, 2014 WL 3384680, at *7 (D. Minn. July 10, 2014) ("[T]he Court finds that the savings clause does not apply to Deleston's current claims, because he has not shown that his claims are based on any recent change in the law as *Descamps* did not announce a new rule of law, it announced a rule dictated by prior precedent.")); *Weeks v. Hastings*, 2014 U.S. Dist. LEXIS 110749, at * 3 (S.D. Ga. Aug. 11, 2014) ("*Descamps* did not announce a new rule but provided further clarification on the proper roles and use of the established categorical and modified categorical approaches."); *Harr v. United States*, 2014 U.S.

---

[2] For timeliness purposes, the court considers Petitioner's Section 2255 motion filed on the day that he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Moreover, district courts have uniformly rejected the retroactive application of *Descamps*. *See Reed v. United States*, 2013 U.S. Dist. LEXIS 146141, 2013 WL 5567703, at * 3 (M.D.Fla.2013); *Ebron v. United States*, 2014 U.S. Dist. LEXIS 167379, at *6 (E.D.N.C. Dec. 3, 2014) ("*Descamps*... announced [a] purely procedural rule[] that do[es] not apply retroactively on collateral review."); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted). Therefore, because *Descamps* neither recognizes a new right nor applies retroactively on collateral review, Petitioner cannot avail himself of a delayed start under Section 2255(f)(3).

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.[3] Petitioner, however, does not contend that he is entitled to equitable tolling. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from December 1, 2011, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion, filed in June 2014, is time-barred, precluding federal review.

---

[3] Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

4

Accordingly, it is **ORDERED** that:

1. Respondent's Motion to Dismiss (CV Dkt. 7) is **GRANTED**. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk of the Court shall enter judgment against Petitioner and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. Petitioner is entitled to a COA only if he shows that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the Section 2255 motion stated "a valid claim of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner cannot make the required showing. Specifically, he cannot show by citation of contrary authority or otherwise that reasonable jurists would debate the determination that the Section 2255 motion is time-barred or that he stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on December 15th, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to: *Pro Se* Petitioner
Counsel of Record

5